**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 97-20721
_____


UNITED STATES OF AMERICA,

　　　　　　　　　　　　　　　　Plaintiff-Appellee,

VERSUS

JOSÉ VIRGILIO REYES,
a/k/a José Rafael Garcia,

　　　　　　　　　　　　　　　　Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Texas
(H-97-CV-2593)
_____

December 2, 1998

Before KING, JONES, and SMITH, Circuit Judges.

JERRY E. SMITH, Circuit Judge:[*]


　　José Reyes appeals the denial of his motion to vacate, set aside, or correct a sentence under 28 U.S.C. § 2255. We vacate and remand for a hearing, and we instruct the court to make factual determinations and conclusions of law with respect to Reyes's claim that he was denied effective assistance of counsel.

---

　　[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Authorities arrested Reyes and charged him with state firearms and drug offenses. The following day, Reyes was charged in a federal criminal complaint with (1) using and carrying a firearm during and in relation to a drug-trafficking crime; (2) delivering a package containing firearms to a common carrier for transportation or shipment in interstate commerce without giving written notice to the carrier; and (3) possessing firearms from which the manufacturer's serial numbers had been removed. State authorities incarcerated Reyes from his arrest on September 24, 1992, until his state sentencing on January 5, 1993, at which time he received an eight-year term of imprisonment. He served eight months and was released on parole in September 1993. At no point during this period did the government file a federal indictment for the conduct for which he had been arrested.

On January 12, 1994, the government filed a motion under FED. R. CRIM. P. 48(a) to dismiss the federal criminal complaint without prejudice, and the court granted the motion. The government did not notify Reyes of the motion, *see United States v. Reyes*, 102 F.3d 1361, 1366 n.6 (5th Cir. 1996), so he did not object to the motion at that time. On July 20, 1994, he was charged by federal indictment with the same three crimes listed in the original federal criminal complaint and with conspiracy to possess

marihuana with intent to distribute.  He did not object to his indictment before trial.

At the close of all the evidence, Reyes moved for a judgment of acquittal, arguing that the motion to dismiss the first federal complaint without prejudice had been filed in bad faith solely to avoid the time constraints of the Speedy Trial Act, which requires that a defendant be indicted within thirty days of arrest.  *See* 18 U.S.C. § 3161(b).  The court denied this motion, and the jury found Reyes guilty on all counts.

Reyes appealed, arguing (1) that he should be excused for not objecting to the motion to dismiss the first complaint without prejudice, because he did not have notice of the motion, and (2) that the government had dismissed the complaint solely to avoid the requirements of the Speedy Trial ActSSa bad faith motivation that precludes dismissal without prejudice.  We concluded that the government's failure to provide Reyes with notice of the filing of its rule 48(a) motion excused his failure to contest the motion before the court granted it.  *See Reyes*, 102 F.3d at 1367.  We also held, however, that by failing to object at the time he was reindicted, Reyes had waived his right to complain that the prosecution had requested the dismissal in bad faith.  *See id.* at 1367-68.

Reyes then filed the instant motion to vacate, set aside, or correct his sentence under § 2255, claiming he was denied effective

assistance of counsel because his attorney, among other things, failed to seek a dismissal of the indictment based on the fact that the government acted in bad faith in seeking dismissal of the original criminal complaint. The court summarily dismissed the motion and denied a certificate of appealability ("COA"). We granted a COA on the issues of whether counsel was ineffective for failing to object to the indictment following the government's allegedly bad faith dismissal of the original complaint and whether the district court erred in denying this claim without providing findings and conclusions of law in support of the denial and without conducting an evidentiary hearing.

## II.

To prevail on a claim of ineffective assistance, a movant must show (1) that his counsel's performance was deficient in that it fell below an objective standard of reasonableness and (2) that the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 689-94 (1984). Reyes has met the first prong. Indeed, the government admits that "the deficiency in Reyes' counsel's performance leaps from the record."

It is not evident from the record, however, whether counsel's deficient performance prejudiced Reyes's defense. To show prejudice under *Washington*, a movant must demonstrate that counsel's errors were so serious as to "render[] the result of the

4

trial unreliable or the proceeding fundamentally unfair." *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993). The *Washington* Court explained that "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Washington*, 466 U.S. at 694. Because the district court did not sufficiently develop the record, we are unable to determine whether Reyes's counsel's failure to object to Reyes's reindictment prejudiced his defense.

## III.

Section § 2255 provides that

> [u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto.

We cannot conclude that the files and records of the case "conclusively show" that Reyes received effective assistance and thus was entitled to no relief. The district court therefore should have held a hearing, or otherwise developed the factual record, and made factual findings and legal determinations on Reyes's ineffective assistance claim.[1]

The government argues that this is a clear-cut case in which

---

[1] *See United States v. Bartholomew*, 974 F.2d 39, 41 (5th Cir. 1992) (holding that the standard of review for denial of evidentiary hearing is abuse of discretion).

5

there is no need for either a hearing or factual and legal determinations. It analogizes to *United States v. Flores*, 135 F.3d 1000 (5th Cir. 1998), in which we concluded that a hearing and written findings of fact and conclusions of law were not necessary. We found there that "Flores' motion did not raise any legal or factual issues that should long have detained a district court." *Id.* at 1007 n.23.

Reyes, by contrast, does raise factual issues concerning the effectiveness of his counsel and prejudice to his defense arising from failure to raise a Speedy Trial Act timely. Consequently, we remand with instructions to hold a hearing, or otherwise develop the factual record, and to make findings of fact and conclusions of law as § 2255 requires. VACATED and REMANDED.